ELECTRIC APPLIANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28543. Promulgated April 25, 1930.

*George E. H. Goodner, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

## OPINION.

BLACK: One of the errors alleged by petitioner is the exclusion from invested capital of the value of good will and intangible assets acquired by it from the Chicago corporation. Although we are convinced that they were of substantial value in the production of business and income, there is no evidence that they were a part of petitioner's invested capital under the statutes. It is perfectly true that section 325 provides for the inclusion in invested capital of intangibles but paragraph (4) of said section provides that such intangibles must have been bona fide paid in for stock.

The Electric Appliance Co. of Illinois owned no stock of petitioner and received nothing for whatever good will and intangibles it may have transferred to petitioner. The capital stock of petitioner was not issued to the Electric Appliance Co. of Illinois, but was issued to W. W. Low, Thomas I. Stacey, F. J. Cram, C. C. Hillis, and Mrs. C. C. Hillis, as individuals and not as nominees of the Illinois corporation, and there is no evidence to show that they paid in anything for the stock or transferred to the corporation any good will, agency contracts, or other valuable rights in payment therefor. Under such circumstances the action of the respondent in excluding this $100,000 original capital stock from invested capital was correct and his action in that respect is approved.

Petitioner in its appeal alleges as error disallowance of special assessment under sections 327 and 328, Revenue Act of 1918.

Section 327 enumerates in paragraphs (a), (b), (c), and (d) the several grounds which will entitle the taxpayer to have its taxes computed under section 328. The only possible one of these paragraphs which petitioner could claim as fitting its case would be paragraph (d). That paragraph provides that where there are abnormal condi-

tions affecting the capital or income of the corporation such as to work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of the special assessment section and the tax computed by reference to the representative corporations specified in section 328, it will be entitled to special assessment. Clearly, in this case there is no abnormality in invested capital. Nothing was paid in for the original $100,000 capital stock. The action of petitioner in setting up on its books "Business Rights and Agencies $100,000" was purely arbitrary. As we have heretofore stated, the Electric Appliance Co. of Illinois received no stock in petitioner corporation and its assistance and help to petitioner, though valuable, was not a part of petitioner's invested capital.

Petitioner had accumulated a considerable earned surplus in its business and that was properly allowed by respondent as invested capital in the taxable years. The only error that respondent committed in that respect was to exclude from invested capital certain additional taxes which were either abated or the Board has held to be barred by the statute of limitations. That error will be discussed later in this opinion.

The facts in the instant case are distinguishable from those in the cases of *Clarence Whitman & Sons*, 11 B. T. A. 1192; *Detroit Opera House, Inc.*, 13 B. T. A. 587; *Rothschild Colortype Co.*, 14 B. T. A. 718, and other cases.

These were all cases where valuable intangibles were actually transferred in payment for capital stock and the Board was able from the evidence to find the value of such intangibles. These cases are not applicable to the instant case.

Now, was there such abnormality in petitioner's income as to entitle it to special assessment? We think not. In the case of *Moses-Rosenthal Co.*, 17 B. T. A. 622, we held that the fact that a corporation was enabled to carry on its business with less capital than would have been required had it not had the benefit of a favorable contract arrangement with another corporation is no ground for special assessment when it appears that the capital as used in its business and recognized for statutory invested capital purposes is not other than normal for a business so carried on. To the same effect was our holding in the recent case of *Coca-Cola Bottling Works of Pittsburgh*, 19 B. T. A. 267. In that case we said: "Where the full capital which is invested in the business and which is necessary for its operation is recognized for invested capital purposes, we do not think an abnormality exists because there has not been taken into consideration a value which may attach to the contract under which the profits were realized, but which represents no investment on the part of the petitioner." The instant case is practi-

cally identical with *Washington Electric Supply Co.*, 9 B. T. A. 1399, and we think that case states the correct rule. Respondent's action in denying special assessment under sections 327 and 328 is approved.

The reduction of invested capital by the additional taxes assessed for 1917 and 1918 was unauthorized, as a part thereof was abated and the balance for both years was held barred by limitation by this Board in Docket No. 17870. Under these circumstances these outlawed taxes can not be deducted from invested capital and should be restored to invested capital in determining the deficiencies here. *Green River Distilling Co.*, 16 B. T. A. 395.

It does not appear to us that error was committed by the respondent by prorating the tax paid for 1917 and 1918 and reducing invested capital accordingly, and his action relative thereto is approved. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Judgment will be entered under Rule 50.*